IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTEN LONGMIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2367-M-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Dkt. No. 13].

**Background**

Plaintiff Kristen Longmire purchased real property located in Cedar Hill, Texas (the "Property"). *See* Dkt. No. 1-5 at 3. To finance the purchase, Ms. Longmire executed a promissory note to NTFN, which was secured by a deed of trust. *See id.* Subsequently, the promissory note and deed of trust (collectively, the "Loan") were transferred to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). *See id.*

Ms. Longmire suffered a financial hardship and requested assistance from Wells Fargo. Ms. Longmire tried "to catch up her loan" by making multiple payments, in

varying amounts, to Wells Fargo from October 2015 through January 2016. *See id.* In February 2016, Wells Fargo refused to accept any payments from Ms. Longmire and sent Ms. Longmire a mortgage statement that did not reflect any of the October 2015 through January 2016 payments. *See id.* Ms. Longmire requested a full accounting to show where and how those payments were applied or credited, but Wells Fargo has failed to provide one. Instead, Wells Fargo declared Ms. Longmire to be in default and posted the property for foreclosure on July 5, 2016. *See id.* at 6.

Ms. Longmire filed this lawsuit in the 192nd Judicial District Court of Dallas County, Texas to prevent foreclosure on the Property. Ms. Longmire also sued Wells Fargo for violations of 12 C.F.R. § 1024.38(b), breach of contract, and negligent undertaking. *See* Dkt. No. 1-5 (Original Petition and Application for Temporary Restraining Order). Ms. Longmire alleges that Wells Fargo demands Ms. Longmire pay the full amount due on the loan, but the amount demanded is incorrect because it does not credit the payments made in October 2015 through January 2016 and Wells Fargo has failed to provide an accounting or otherwise explain how those payments were applied or why they were not applied to the loan balance. *See id.*

Wells Fargo removed the lawsuit to this court. *See* Dkt. No. 1.

Wells Fargo also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 13. Wells Fargo contends that Ms. Longmire's claim for violation of 12 C.F.R. § 1024.38(b) fails as a matter of law because there is no private right of action for alleged violations of the regulation. Wells Fargo contends that Ms.

Longmire's claim for breach of contract fails because: (1) Ms. Longmire admits she is in default on the loan; (2) Ms. Longmire fails to specify what provisions of the contract were violated by Wells Fargo; and (3) it is inadequately pleaded as to damages. Wells Fargo contends that Ms. Longmire's claim for "negligent undertaking" fails because: (1) it is barred by the economic loss rule; (2) Wells Fargo does not owe any duty to Ms. Longmire sufficient to support a negligence-based claim; and (3) it is inadequately pleaded.

In response, Ms. Longmire states that she will amend her complaint to dismiss the claim for violation of 12 C.F.R. § 1024.38(b). Ms. Longmire argues that her failure to perform the contract is excused by Wells Fargo's alleged breach and asserts for the first time that Wells Fargo required her performance under the contract after her breach. She fails to address Wells Fargo's other breach-of-contract arguments. Ms. Longmire also argues that the negligent undertaking claims is not barred by the economic loss rule and that Wells Fargo owed her a duty under the deed of trust to collect and properly apply all mortgage payments. *See* Dkt. No. 15.

In reply, Wells Fargo asserts that because Ms. Longmire concedes that she failed to state a claim for violation of 12 C.F.R. § 1024.38(b) and the Court has not given Ms. Longmire leave to amend her complaint, the claim should be dismissed with prejudice. *See* Dkt. No. 16.

The undersigned now recommends that Wells Fargo's motion to dismiss should be granted.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

-4-

statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are

considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters

outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (internal quotation marks and citations omitted).

**Analysis**

I. <u>Ms. Longmire's claim for violation of 12 C.F.R. § 1024.38(b) should be dismissed.</u>

Ms. Longmire alleges that Wells Fargo violated Section 1024.38(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.38(b), by failing to provide accurate and timely disclosures to Ms. Longmire in response to her request for information concerning the loan. *See* Dkt. No. 1-5 at 4-5. RESPA does not create a private right of action to enforce Section 1024.38(b). *See Smith v. Nationstar Mortg.*, No. 15-13019, 2015 WL 7180473, at *3-*4 (E.D. Mich. Nov. 11, 2015) (finding that violations of Section 1024.38 do not create a private cause of action); *Sharp v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-369-LM, 2015 WL 4771291, at *6-*7 (D.N.H. Aug. 11, 2015) (same). Ms. Longmire now indicates that she is no longer pursuing this claim. Ms. Longmire's claim for violation of 12 C.F.R. § 1024.38(b) fails as a matter of law and should be dismissed with prejudice.

II. <u>Ms. Longmire's breach of contract claim should be dismissed.</u>

Ms. Longmire alleges that Wells Fargo breached the deed of trust by not

applying Ms. Longmire's funds correctly to the Loan and that, as a result, she has sustained damages. *See* Dkt. No. 1-5 at 5.

In Texas, "'[t]he essential elements of breach of contract claims are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.)). A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Wells Fargo argues that Ms. Longmire fails to state a claim for beach of contract because she does not and cannot allege that she performed under the Loan by complying with her payment obligations, where she admits that she fell behind on making her mortgage payments and has not reinstated her loan; because Ms. Longmire fails to identify what provisions of the contract were breached; and because Ms. Longmire fails to adequately plead damages.

Under Texas law, plaintiffs can only bring a breach of contract claim if they performed under the contract or if their failure to perform has been excused. *See Dylon v. Bank of America, N.A.*, No. 3:17-cv-134-M-BN, 2017 WL 2266938, at *8 (N.D. Tex. April 28, 2017) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016)). Ms. Longmire alleged that Wells Fargo "breached the Deed of Trust by not

applying [Ms. Longmire]'s funds correctly to her loan and due to such [Ms. Longmire] has sustained damages as a result of [Wells Fargo]'s breach." Dkt. No. 1-5 at 5. Ms. Longmire failed to identify which provision of the deed of trust Wells Fargo allegedly breached or to plead facts establishing that she performed under the contract and, in particular, that she was not in default. *See id.*

In response, Ms. Longmire relies on *Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747 (Tex. App. – Houston [14th Dist.] 2004), to assert that Wells Fargo "cannot hide behind [Ms. Longmire]'s breach as an excuse for nonperformance." Dkt. No. 15 at 4-5. Ms. Longmire asserts that Wells Fargo wrongfully "continued to require [Ms. Longmire] to perform under the contract" and that Wells Fargo "has come to court with unclean hands by its unconscionable practices of debt collection." *Id*. In *Gupta*, the plaintiff was attempting to avoid enforcement of a contract with the Eastern Idaho Tumor Institute, Inc. ("EITI") by claiming that EITI's prior breaches of the contract excused the plaintiff from his obligations. *See Gupta*, 140 S.W.3d at 757. Gupta was not allowed to avoid the contract's enforcement because "treating a contract as continuing, after a breach, deprives the non-breaching party of any excuse for terminating their own performance." *Id*. at 757.

In this case, Ms. Longmire has not alleged any facts to support a conclusion that Wells Fargo has materially breached the agreement. Ms. Longmire alleges in her state-court petition that Wells Fargo refused to accept payment from her after the breach and attempted to foreclose on the Property. Ms. Longmire's performance of the contract

is not excused because Wells Fargo treats the contract as continuing in order to foreclose on the property. *See Collier v. CitiMortgage, Inc.*, No. 3:14-cv-906-M-BN, 2014 WL 4181449, at *5 (N.D. Tex. Aug. 22, 2014).

The new allegation contained in Ms. Longmire's response to the motion to dismiss – that Wells Fargo continued to require Ms. Longmire to perform under the contract after her breach – is "not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations no contained in the pleadings." *Coach, Inc. v. Angela's Boutique*, Civil Action No. H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011); *see also Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-M (BF), 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013) ("Plaintiff is not entitled to add new claims to his complaint by way of his response.").

Ms. Longmire alleges that she "has sustained damages as a result of [Wells Fargo]'s breach." Dkt. No. 1-5 at 5. But this is no more than a bare recitation of the elements of a breach of contract cause of action, which is insufficient under the law. *See Twombly*, 550 U.S. at 555.

Even taking Ms. Longmire's allegations as true, Ms. Longmire fails to state a claim on which relief can be granted and the breach of contract claim should be dismissed but – because it is not yet clear that she has pleaded her best case – without prejudice.

III.   Ms. Longmire's negligent undertaking claim should be dismissed.

Ms. Longmire alleges, in the alternative, that she has a claim for negligent undertaking. She alleges that Wells Fargo undertook to provide loan servicing, including the acceptance of mortgage payments from homeowners, that she relied on Wells Fargo's performance to properly apply her monthly mortgage payments, and that Wells Fargo's performance increased her risk of harm and caused her damages. *See* Dkt. No. 1-5 at 5-6.

Wells Fargo asserts that Ms. Longmire's claim for negligent undertaking fails because: (1) her claim is barred by Texas's economic loss rule; (2) it does not owe a duty to her sufficient to support such a claim; and (3) her claim is inadequately pleaded. *See* Dkt. No. 13 at 12-15; *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *7-*10 (N.D. Tex. Oct. 12. 2016).

The "economic loss rule reflects a preference for allocating some economic risks by contract rather than by law." *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 235 (Tex. 2014). But "the rule is not generally applicable in every situation." *Id.* at 235-36. It "allows recovery of economic damages in tort, or not, according to its underlying principles." *Id.* at 236. A tort claim can co-exist with a contract claim when a defendants has breached a duty that is independent from the contract between the parties. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). The harm suffered cannot be "'merely the economic loss of a contractual benefit.'" *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 475 (5th Cir. 2015) (quoting *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445

S.W.3d 716, 718 (Tex. 2014)).

Accordingly, the economic loss rule regularly precludes foreclosure actions that seek economic damages based only on the duties enumerated in the deed. *See, e.g.*, *Thompson v. Bank of America, N.A.*, 13 F. Supp. 3d 636, 652-53 (N.D. Tex. 2014) (finding that the rule precludes a negligence claim based on the defendant's duty to manage the loan since these duties derive from the deed of trust).

But plaintiffs can bring a tort claim if it is brought on a basis independent from the contract. *See Formosa Plastics*, 960 S.W.2d at 45. "[I]f a particular duty is defined both in a contract and in a statutory provision, and a party violates the duty enumerated in both sources, the economic loss rule does not apply." *McCaig*, 788 F.3d at 475 (citing *Formosa*, 960 S.W.2d at 47).

In *McCaig v. Wells Fargo Bank (Texas), N.A.*, the United States Court of Appeals for the Fifth Circuit held that the economic loss rule does not preclude claims based on Texas Debt Collector Act ("TDCA") violations. *See* 788 F.3d at 475. The Fifth Circuit explained that "[a] statutory offender will not be shielded from liability [under TDCA] simply by showing its violation also violated a contract." *Id.*

A judge of this Court reached the same conclusion a few months after *McCaig* was decided. In *Breitling v. LNV Corporation*, No. 3:15-cv-703-B, 2015 WL 5896131, at *4 (N.D. Tex. Oc. 5, 2015), borrowers alleged that debt collectors failed to investigate the validity of the debt that the borrowers purportedly owed on their mortgage. The Court found that the economic loss rule did not preclude the borrowers from proceeding

-12-

on their TDCA claims. *See id.* It explained that:

> This is a duty imposed by statue and does not arise out of any contract between the parties. Even if there were not contract between an alleged creditor and debtor – a scenario in which the debtor would likely contest the validity of the debt – the third party debt collector would still be required to investigate the validity of the purported debt (or refrain from further collection efforts until an investigation is conducted) upon a proper request by the debtor.

*Id.* The Court added that "a party who succeeds in an action under this section of the TDCA is entitled to statutory damages (i.e., damages beyond the subject matter of the contract)." *Id.*

The undersigned concludes that the economic loss rule bars Ms. Longmire's claim for negligent undertaking as she had pleaded it. The economic loss rule bars claims where "'the harm suffered ... is merely the economic loss of a contractual benefit.'" *McCaig*, 788 F.3d at 475 (quoting *Chapman*, 445 S.W.3d at 718); *see also Breitling*, 2015 WL 5896131, at *4 (finding the economic loss rule did not bar TDCA claims because "a party who succeeds in an action under ... the TDCA is entitled to statutory damages (i.e., damages beyond the subject matter of the contract)"). Ms. Longmire has not alleged that she has suffered damages beyond the economic damages that borrowers routinely request in foreclosure cases. Her tort claim would not entitle her to statutory damages or any other damages "beyond the subject matter of the contract." *Jones*, 2016 WL 6581279, at *9. Accordingly, the economic loss rule bars Ms. Longmire's claim for negligent undertaking as pleaded.

Ms. Longmire's claim for negligent undertaking also fails for two other reasons.

First, Ms. Longmire has not adequately pleaded facts to establish that Wells Fargo owes her a duty of care outside of its contractual obligations. *See id.* Texas law does not recognize a "special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing." *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. Jan. 18, 2013); *see also Thompson v. Bank of America, N.A.*, 13 F. Supp. 3d 636, 654 (N.D. Tex. 2014) ("Not only does no special relationship exist between a mortgagor and a mortgagee, but courts have held that there is no duty of care between them that would give rise to a negligence claim.") (citations omitted); *Lombardi v. Bank of America,* No. 13-cv-1464-O, 2014 WL 988541, at *11 (N.D. Tex. March 13, 2014) (holding negligence claim failed as a matter of law because defendants, as mortgagee and mortgage services, owed the plaintiff no duty of care outside of their contractual obligations). Accordingly, Ms. Longmire's negligent undertaking cause of action fails because Wells Fargo did not owe Ms. Longmire an independent duty of care.

Second, Ms. Longmire has inadequately pleaded this claim. To state a claim for negligent undertaking, Ms. Longmire must demonstrate that (1) Wells Fargo undertook to perform services it knew or should have known were necessary for Ms. Longmire's protection; (2) Wells Fargo failed to exercise reasonable care in performing those services; and (3) Ms. Longmire was harmed because she relied on Wells Fargo's performance or Wells Fargo's performance increased her risk of harm. *See Jones*, 2016 WL 6581279, at *10 (citing *Nall v. Plunkett*, 404 S.W.3d 552, 555-56 (Tex. 2013)). Ms.

Longmire must specifically allege some physical harm to either a person or property. *See Lovett v. HSBC Mortg. Services, Inc.*, No. 3:13-cv-3593-O, 2014 WL 547031, at *5 (N.D. Tex. Feb. 11, 2014) (citing *Torrington v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2001)). But Ms. Longmire fails to plead that she or the Property suffered any physical harm, as opposed to pecuniary damages.

Accordingly, for all of these reasons, Ms. Longmire's claim for negligent undertaking should be dismissed but – because it is not yet clear that she has pleaded her best case – without prejudice.

IV.   Ms. Longmire's claim for injunctive relief should be dismissed.

Ms. Longmire also seeks an injunction to prevent foreclosure on the Property.

Injunctive relief is a form of relief based on underlying claims. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because the undersigned has determined that none of Ms. Longmire's claims can withstand dismissal at this time, Ms. Longmire's request for injunctive relief cannot survive and should be dismissed without prejudice.

**Recommendation**

The Court should grant Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Dkt. No. 13]. Plaintiff Kristen Longmire's claim for violation of 12 C.F.R. § 1024.38(b) should be dismissed with prejudice, and her claims for breach of contract and negligent undertaking and request for injunctive relief should be dismissed without prejudice. The Court should grant Ms. Longmire 21 days from the date of any order adopting

these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if she fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE